UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD TURNLEY III, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) CIVIL ACTION NO. 1:07-cv-10949-NG <br> ) |
| v. | ) <br> ) |
| BANC OF AMERICA INVESTMENT SERVICES, INC., *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court for hearing, pursuant to the Order of this Court, dated July 15, 2009 (the "Preliminary Approval Order"), on the application of the settling parties for approval of the Settlement set forth in the Settlement Agreement dated as of June 30, 2009 (the "Settlement Agreement"), and due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS

HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action and over all Defendants and members of the Settlement Class.

3. The Court finds, for settlement purposes only, that the requirements of the Federal Rules of Civil Procedure have been met as to the Settlement Class, in that:

> (a) The Settlement Class is ascertainable from records kept by Defendants and from other objective criteria, and members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.
>
> (b) Based on allegations in the Second Amended Complaint, the Court finds that there is at least one question of fact and/or law common to the Settlement Class.
>
> (c) Based on allegations in the Second Amended Complaint, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Settlement Class.
>
> (d) The Court finds that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or among the Named Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs are represented by qualified counsel who is experienced in preparing and prosecuting large, complex class actions of this type.
>
> (e) Based on allegations in the Second Amended Complaint, the Court finds that Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Class as a whole.
>
> (f) Based on allegations in the Second Amended Complaint, the Court finds that questions of law or fact common to Class Members predominate over any questions affecting only individual members and that a class action settlement is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Based on the finding set out in Paragraph 3 above, and this Court's Order preliminarily approving the Settlement, the Court FINALLY CERTIFIES the following class, for

settlement purposes only, under Federal Rule of Civil Procedure 23(b)(2) and (3) (the Settlement Class"):

> All African Americans employed as Financial Advisors or Premier Client Managers in the Premier Banking & Investments division of Bank of America at any time between April 1, 2003 and March 24, 2009.

Excluded from the monetary portion of the Settlement Class are those persons who timely and validly opted out of the Settlement Class. Class Members may not exclude themselves, or opt-out, of the non-monetary or programmatic relief provisions of the Settlement.

5. The Named Plaintiffs are adequate class representatives of the Settlement Class and, therefore, the Court hereby appoints Named Plaintiffs as the representatives of the Settlement Class.

6. As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel has committed to representing the class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court finds that Class Counsel shall serve as class lead counsel with respect to the Settlement Class in this Action.

7. The Court having certified this Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(2), insofar as plaintiffs seek non-monetary, injunctive relief, Settlement Class members shall be bound by the injunctive relief provisions of the Settlement in this Action.

8. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class members who could be identified with reasonable

effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law. The notice given to the Settlement Class of the Settlement and the other matters set forth in the Settlement Agreement was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and of the matters set forth in the Settlement Agreement, including the Settlement, to all persons entitled to such notice.

9. The objections, if any, made to due process, constitutionality, procedures, and compliance with law, including, but not limited to, the adequacy of notice and the fairness of the proposed Settlement, lack merit and are hereby overruled.

10. The Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Settlement Agreement was the result of intensive arm's-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation, and was reached with the assistance of a highly qualified, impartial mediator.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement, finds that said Settlement is, in all respects, fair, reasonable and adequate with respect to the Settlement Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement.

12. The Court hereby dismisses this Action in its entirety as to all defendants, including Banc of America Investment Services, Inc. and Bank of America, N.A.

13. All Class Members, on behalf of themselves, their heirs, administrators, representatives, executors, successors, and assigns, other than the Named Plaintiffs and those

who timely and validly opt out of the Settlement Class, shall be deemed to have, and by operation of this order shall have released all claims against Defendants, including their officers, directors, subsidiaries, affiliates, predecessors, successors, fiduciaries, insurers, employees and agents, whether known and unknown, existing through the date of Preliminary Approval, under any federal, state or local legal theory, for race and/or color discrimination, including any claims sounding in tort or contract, based in whole or in part on allegations that were or could have been included in the Second Amended Complaint.

14. Named Plaintiffs, on behalf of themselves, their heirs, administrators, representatives, executors, successors, and assigns, shall be deemed to have, and by operation of this order shall have released all claims, whether known and unknown, of any nature under federal, state and local laws for any period up through the date of Preliminary Approval, as well as any and all rights or claims that Named Plaintiffs may have to reinstatement, employment or re-employment with the Bank, against Defendants, including their officers, directors, subsidiaries, affiliates, predecessors, successors, fiduciaries, insurers, employees and agents.

15. Upon the Effective Date, Defendants shall be deemed to have, and by operation of this order shall have fully, finally, and forever released, relinquished, and discharged the Named Plaintiffs, and their respective attorneys, from any and all actions, causes of action, suits, liabilities, claims, and demands whatsoever, whether known or unknown, arising out of the Named Plaintiffs' employment at the Bank up through March 24, 2009, **except that** Defendants do not release Named Plaintiffs from (1) any claims against any Named Plaintiff by Defendants relating to promissory notes issued by any Named Plaintiff, or (2) any claims against any Named Plaintiff in his or her capacity as a customer or client of any financial product or service offered or provided by Defendants or any of Defendants' subsidiaries or affiliates.

16. Upon the Effective Date and subject to the terms of the Settlement Agreement, Defendants and their counsel, Named Plaintiffs, Class Members, Class Counsel, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this order shall have, released all claims against Defendants and their counsel, Named Plaintiffs, Class Counsel, or other Class Members arising out of, or relating to the institution, prosecution, assertion, settlement or resolution of the Action or the released claims.

17. Class Members who did not make an irrevocable election to exclude themselves from the monetary relief provisions of the Settlement are hereby permanently enjoined from commencing, prosecuting or maintaining either directly, representatively or in any other capacity any claim that is subsumed within the Settlement Agreement and/or the Class Member Release.

18. Class Members who made an irrevocable election to exclude themselves from the monetary relief provisions of the Settlement are hereby permanently enjoined from commencing, prosecuting or maintaining either directly, representatively or in any other capacity any claim against Defendants for non-monetary relief arising out of or relating to allegations of race and/or color discrimination during the Class Period.

19. This Order is a final judgment in the Action as to all claims among the Defendants and all Released Parties, on the one hand, and the Named Plaintiffs and all Class Members, on the other.

20. Neither this Order and Final Judgment, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

>   (a)   offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the Named

Plaintiffs or the validity of any claim that has been or could have been asserted in the action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)    offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

(c)    offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that any of the Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)    construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received in evidence as an admission, concession or presumption against the Named Plaintiffs or any other Class Member that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement.

21.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

22.    Without affecting the finality of this Order in any way, this Court retains continuing jurisdiction over (i) implementation of the Settlement, including the non-monetary relief detailed therein; (ii) any award or distribution of the Settlement Fund; and (iii) all other proceedings related to the implementation and enforcement of the terms of the Settlement Agreement.

23. In the event that the Effective Date does not occur, this Order shall be rendered null and void, and shall be vacated *nunc pro tunc*.

24. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and extensions, modifications, and expansions of the Settlement Agreement as are consistent with this Final Judgment And Order Of Dismissal and that do not limit the rights of members of the Settlement Class.

IT IS SO ORDERED this __16__ day of __Nov__, 2009.

_____
THE HONORABLE NANCY GERTNER
United States District Court Judge